CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 24 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **PHILIP WADE REYNOLDS,** | ) | CASE NO. 7:14CV00246 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| **WILLIAM W. MUSE, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Philip Wade Reynolds, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant parole officials violated various policies related to his 2011 parole revocation and subsequent parole hearings. Upon review of the record, the court finds that the action must be summarily dismissed as legally frivolous.

## Background

The relevant facts are these. Reynolds is serving a sentence imposed for nonviolent criminal offenses. In March 2004, the Virginia Parole Board ("VPB") released Reynolds on parole. After more than seven years on supervision, in Virginia and Pennsylvania, Reynolds was convicted in May 2011 of a misdemeanor "D.U.I." offense. The VPB issued a parole warrant against Reynolds in June 2011 and returned him to Virginia for a revocation hearing in September 2011. After finding that Reynolds had violated four conditions of his release,[1] the VPB revoked his parole and ordered him to serve his remaining sentence of imprisonment.

The VPB reviewed Reynolds for possible parole release in 2012 and 2013, but determined that he was not yet suitable for parole release. Reynolds appealed the denial of parole release in 2013, alleging substantially the same policy violations that he raises in his

---

[1] The four conditions of release that the VPB found were: Reynolds' 2010 arrest, conviction, and sentence in Pittsburg for Misdemeanor DUI, his failure to report the arrest within three days, his violation of a supervision-related curfew, and his blood alcohol level at the time of his arrest.

current action. Finding that the information in the appeal "d[id] not show a significant error" in the application of parole policies and that Reynolds is a two-time parole violator, the VPB denied the appeal.

In his § 1983 complaint, Reynolds alleges that the VPB violated his due process rights when (a) parole officials failed to review and discharge him from parole supervision after he had successfully served five years; (b) the VPB chairman unilaterally decided in 2011 to revoke Reynolds' parole; and (c) the VPB refused to address these issues when Reynolds raised them in appeal. As relief in this action, Reynolds seeks declaratory and injunctive relief, finding that he is entitled to be immediately released from confinement and discharged from parole based on the alleged VPB policy errors.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A plaintiff purporting to state a claim under § 1983 must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court's review under § 1915A(b)(1) for frivolousness allows dismissal of a claim "based on an indisputably meritless legal theory" or on "factual contentions [that] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (applying prior version of § 1915(d), authorizing courts to dismiss frivolous claims filed in forma pauperis).

As an initial matter, Reynolds cannot use a § 1983 action to prove that his current imprisonment is unlawful or to procure his release. Such challenges to the fact or duration of

his confinement must be litigated not as a § 1983 civil action, but as a habeas corpus action under 28 U.S.C. § 2254, after exhaustion of available state court remedies. Prieser v. Rodriguez, 411 U.S. 475, 484 (1973). Reynolds' complaint and online records indicate that he has not raised his current issues in any state habeas corpus action in the Supreme Court of Virginia as required for exhaustion. See 28 U.S.C. § 2254(b).

In any event, Reynolds fails to state any constitutional claim regarding his parole revocation proceedings, his incarceration under the revocation order, or the VPB's denial of parole appeal. Because none of his claims rises to constitutional proportion, the court must summarily dismiss the action under § 1915A(b)(1) as legally frivolous.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. If state law creates a right which involves a person's liberty, the individual possessing this right is entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Federal courts must tread lightly, however, in finding that a state law creates a federally protected liberty interest.

"It is difficult to imagine a context more deserving of federal deference than state parole decisions." Vann v. Angelone, 73 F3d 519, 521 (4th Cir. 1996). Because a state inmate has no constitutional right to be paroled before his valid sentence expires, states are not obligated to establish a parole system and, if they choose to do so, have broad discretion in defining parole procedures and suitability for parole release. Id. (citing Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979); Franklin v. Shields, 569 F.2d 784, 800 (4th Cir.1977) (en banc)). Thus, a state parole issue gives rise to a federal due process claim only where the inmate demonstrates

that "the state has created a legitimate claim of entitlement to some aspect of parole." Id. (internal quotations and citations omitted). Outside this narrow category of interests, an inmate has no federal constitutional right to receive a specific, state-created procedural protection. See Hill v. Jackson, 64 F.3d 163, 170-171 (4th Cir. 1995) (finding that the protected interest is in parole, not in parole procedures).

Reynolds' first claim relies on the following language from Section VI(C)(4) of the VPB Policy Manual, which governs discharge from supervision prior the minimum expiration date of parole:

> ALL CASES UNDER PAROLE SUPERVISION (ACTIVE OR INACTIVE) FOR FIVE YEARS SHALL BE REVIEWED BY THE PAROLE DISTRICT OFFICE TO WHICH THE CASE IS UNDER SUPERVISION, AND ANNUALLY THEREAFTER, FOR THE PURPOSE OF RECOMMENDING TO THE BOARD DISCHARGE OR CONTINUED SUPERVISION. WHEN DISCHARGE IS NOT RECOMMENDED, REASONS MUST BE GIVEN.

Reynolds asserts that if VPB members had reviewed his parole in 2009, after he had served five years on supervision, they would have discharged him from parole supervision at that time, and his 2010 DUI offense and related actions would not have provided grounds for a parole violation warrant in Virginia. This argument ignores the fact that the early discharge policy does not mandate the outcome Reynolds is now seeking, nunc pro tunc, which is discharge of the parolee's supervision after the five-year review. Because the policy thus does not create any legitimate claim of entitlement to early discharge from supervision, it does not give rise to a federally protected liberty interest in early discharge, and Reynolds has no due process right to the relief he seeks in this action.

Reynolds' second claim relies on the following language from the VPB Policy Manual, Section V(5):

4

> DECISIONS OF THE BOARD FOLLOWING A REVOCATION HEARING SHALL BE BY CONCURRENCE OF AT LEAST THREE BOARD MEMBERS, EXCEPT THAT IN CASES WHERE THE PAROLE VIOLATION IS BASED ON A NEW FELONY INVOLVING A SENTENCE OF INCARCERATION FOR TWO OR MORE YEARS, PAROLE MAY BE REVOKED BY AN INDIVIDUAL MEMBER SO AUTHORIZED BY THE BOARD. . . .

Reynolds asserts that the revocation order (attached to his complaint) reflects a unilateral decision by the VPB chairman to revoke Reynolds' parole. Reynolds argues that because his new state offense was not a felony, a one-person revocation decision violated the policy and his right to due process.

Parole procedures are defined by state law or state court decisions about state law, not by the Constitution. Morrissey v. Brewer, 408 U.S. 471, 488 (1972). A federal court's task in reviewing the constitutionality of a revocation proceeding is limited to determining whether the procedures met the minimum requirements of due process, which include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 488-89.

The letter informing Reynolds of the revocation of his parole is printed on Virginia Parole Board stationary, which lists the names of the VPB chairman and three other VPB members. (ECF No. 5, at 6-7.) The letter gives a brief report of Reynolds' parole hearing and the conditions that the hearing officer found Reynolds had violated. In its last paragraph, the letter states: "After considering these violations and the evidence, the Parole Board hereby revokes your parole based thereon." (Id. 7.) Under the words "By Direction of the Virginia

5

Parole Board" is the signature of the VPB chairman. (Id.) Except for the letter and his own speculation based on it, Reynolds offers no other evidence in support of his claim.

The court cannot find that this evidence provides a factual basis for a claim that the chairman alone decided to revoke Reynolds' parole. On the contrary, the letter clearly states that the VPB made that decision and lists four members of the Board. Like a jury foreperson's signature on a verdict form, the VPB chairman's signature, under the authority given him by his position as chairman, merely authenticates the document as stating the decision of the deciding body as a whole. "In the absence of facts to the contrary, [a reviewing court] cannot presume that the Board has failed to conform to constitutional requirements and its statutory mandate." Burnette v. Fahey, 687 F.3d 171, 182 (4th Cir. 2012) (citing Garner v. Jones, 529 U.S. 244, 256 (2000)).

Reynolds' third claim regarding his appeal of the 2013 decision denying parole also fails to reach constitutional proportions. Under Virginia's discretionary parole scheme, a parole-eligible inmate has a protectable liberty interest in being considered for parole at a specified time, but such an inmate receives constitutionally adequate procedural protection if the Board provides him "a statement of its reasons for denial of parole." Burnette, 687 F.3d at 182 (quoting Franklin v Shields, 569 F.2d 784, 801 (4th Cir. 1978) (en banc)). It is undisputed that Reynolds received a statement of the VPB's reasons for denying him parole release in 2012 and 2013. Thus, he received the only procedural protection to which he has any federal constitutional claim regarding the denial of his parole. He has no federal right to have particular issues discussed during the parole appeal. Moreover, for the reasons already stated, the issues the VPB failed to address on appeal do not involve federally protected liberty interests.

## Conclusion

For the reasons stated, the court finds that Reynolds's complaint fails to present the factual or legal basis for any claim that he was deprived of any liberty interest without due process related to his parole. Accordingly, the court will dismiss his action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 24th day of June, 2014.

/s/ Jun Conrad
Chief United States District Judge